IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| FRANK L. WHITMARSH, ) | |
| ) | |
| Debtor. ) | Bankruptcy No. 04-02716 |
| ------------------------------- | |
| CAROL L. WHITMARSH, ) | |
| ) | Adversary No. 04-9174 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FRANK L. WHITMARSH, ) | |
| ) | |
| Defendant. ) | |

### ORDER RE § 523(A)(5)

This matter came before the undersigned for a status conference on April 29, 2005. Attorney William Rector appeared for Plaintiff Carol Whitmarsh. Attorney Fran Henkels appeared for Debtor/Defendant Frank Whitmarsh. The time to file briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Plaintiff's Complaint asserts debts arising from the parties' dissolution proceedings are excepted from discharge under § 523(a)(5) and § 523(a)(15). At the status conference to set a trial date, the parties requested the trial be partially bifurcated in order that Plaintiff's § 523(a)(5) claim could be adjudicated without trial. The parties agree that no facts are in issue in the § 523(a)(5) claim. The debts in question are $15,000 awarded to Plaintiff in the parties' Decree of Dissolution of Marriage dated July 19, 1982, and $300 in attorney fees also awarded to Plaintiff. Plaintiff titled her brief, filed May 20, 2005, as a Motion for Summary Judgment under § 523(a)(5).

Plaintiff and Debtor were married in 1963. At the time of their divorce, they had four minor children. The dissolution decree states neither party is entitled to alimony. Plaintiff received sole custody of the children. The Decree ordered Debtor to pay $50.00 per week for child support.

Debtor received possession of the parties' real estate. In paragraph 11 of the Decree, Plaintiff was awarded the sum of $15,000, plus interest of 10%, all of which is a lien against the real estate awarded to Debtor. Debtor was ordered to pay $5,000 of the debt 30 days after the decree was entered and the remainder 5 years after the decree was entered. Debtor did not make these payments and the full amount of $15,000 plus interest remained unpaid when Debtor filed his bankruptcy petition herein. An handwritten provision was added by the Judge who signed the decree, as follows: "Respondent [Debtor] is employed as a small dairy farmer. His net earnings from that operation are negligible. Should he find other employment and his financial circumstances improve, support should be modified accordingly." Additionally, in paragraph 22 of the Decree, Plaintiff was awarded $300 attorney fees.

Plaintiff argues that the $15,000 plus interest and the $300 attorney fees awarded in the decree are founded upon a legal duty of support, making these amounts nondischargeable under § 523(a)(5). In his Answer, Debtor has admitted that child support owed of $27,000 is nondischargeable under § 523(a)(5). This ruling relates only to the $15,000 debt from paragraph 11 and the $300 attorney fee award from paragraph 22 of the Decree of Dissolution.

### CONCLUSIONS OF LAW

The ordinary preponderance of the evidence standard governs the applicability of discharge exceptions, including § 523(a)(5). Grogan v. Garner, 498 U.S. 279, 288 (1991). Although statutory exceptions to discharge normally are subject to narrow construction, exceptions from discharge for spousal and child support deserve a more liberal construction. In re Kline, 65 F.3d 749, 751 (8th Cir. 1995). "The policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor." In re Kemp, 232 F.3d 652, 653 (8th Cir. 2000). The burden of proof in establishing a § 523(a)(5) exception to discharge is on the

non-debtor spouse. In re Portwood, 308 B.R. 351, 355 (B.A.P. 8th Cir. 2004). Once that burden is met, the burden of going forward and proving the obligation is not in the nature of support falls on the debtor. Id.

Section 523(a)(5) establishes three requirements that must be met before a support obligation is excepted from discharge: (1) the debt must be in the nature of alimony, maintenance or support, (2) for a former spouse or child, (3) in connection with a separation agreement, divorce, or property settlement agreement. In re Eiklenborg, 286 B.R. 718, 723-24 (Bankr. N.D. Iowa 2002).

> Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve. . . . [B]ankruptcy courts are not bound . . . to accept a divorce decree's characterization of an award as maintenance or a property settlement. . . . Whether in any given case such obligations are in fact for "support" and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties.

In re Williams, 703 F.2d 1055, 1057-58 (8th Cir. 1983); see also In re McClain, 241 B.R. 415, 419 (B.A.P. 8th Cir. 1999); In re Krein, 230 B.R. 379, 385 (Bankr. N.D. Iowa 1999).

Some factors to be considered in determining whether a debt is for support include whether the dissolution decree contains a separate provision for alimony or child support and whether the debt is unconditional or is payable until death or remarriage. In re Morel, 983 F.2d 104, 105 (8th Cir. 1992). Other factors considered in making this determination include:

> the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and,

3

> whether it would be difficult for the former spouse
> and children to subsist without the payments.

In re Tatge, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997).

### ANALYSIS

Plaintiff provided copies of documents filed in Debtor's 1989 Chapter 7 case with her Motion for Summary Judgment. She argues these include an implicit finding that the debts in issue here are in the nature of support. The Court disagrees. The 1989 discharge order properly states that the discharge does not prohibit the filing of a § 523(a)(5) complaint. It makes no finding whether such a complaint would be successful or whether a § 523(a)(5) debt existed at the time.

The parties have agreed no facts are in issue and have presented no evidence beyond the parties' 1982 Decree of Dissolution. The Decree contains a separate provision for child support in paragraph 8. In paragraph 6, the decree states neither party is entitled to alimony. The $15,000 award and the $300 attorney fee award are unconditional. The large debt is payable in two lump sums, not periodically. Debtor received the marital homestead, and the debt is a lien on that real estate. Plaintiff was awarded a mobile home.

There is no evidence of the relative financial conditions of the parties at the time of the divorce, other than the handwritten note of the dissolution court that Debtor's net earnings from his dairy farm are negligible. It is unknown whether Plaintiff was employed at the time of the divorce, or whether it was difficult for her and the minor children to subsist without payment of the $15,000 debt.

Based on the foregoing law, the Court must conclude that, on the record presented, Plaintiff has failed to meet her initial burden to prove the $15,000 debt is for alimony, maintenance or support.

**WHEREFORE**, on the record presented, Plaintiff has failed to prove the dissolution award of $15,000 and $300 attorney fees are excepted from discharge under § 523(a)(5).

4

**FURTHER**, Plaintiff's Motion for Summary Judgment filed May 20, 2005 is DENIED without prejudice to reasserting the argument at trial.

**FURTHER**, the telephonic hearing set for the Motion for Summary Judgment on June 17, 2005 at 9:45 a.m. shall go forward as a trial-setting conference.

DATED AND ENTERED:

May 31, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

5